UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL A. JAMES (#174134) | CIVIL ACTION |
| VERSUS | |
| SID GAUTREAUX, ET AL. | 23-114-SDD-RLB |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 10, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL A. JAMES (#174134)                                CIVIL ACTION

VERSUS

SID GAUTREAUX, ET AL.                                     23-114-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the West Baton Rouge Parish Prison, Port Allen, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sid J. Gautreaux, III and unknown United States DEA agents complaining that his constitutional rights have been violated in connection with a pending criminal proceeding. Plaintiff requests that the indictment be dismissed and monetary damages in the amount of sixty million dollars.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff asserts that on January 9, 2023, the State of Louisiana dismissed all pending charges against him. Instead of being released, the plaintiff was turned over to the custody of the United States Marshal's Service. Warrants issued in the state proceedings contained false statements; nevertheless, DEA agents used the information in the warrants to secure an indictment on federal charges. The DEA agents were aware that the information in the warrants was false.

Plaintiff's claim for malicious prosecution is asserted against defendant Gautreaux, a state actor, under 42 U.S.C. § 1983. The plaintiff's claim for malicious prosecution against the unknown DEA agents, federal actors, is classified as a *Bivens* action.

### Defendant Gautreaux

*Individual Capacity*

Plaintiff's claim against defendant Gautreaux accrued on January 9, 2023, the date the state criminal charges against Plaintiff were dismissed in his favor. *See Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018), *McDonough v. Smith*, 139 S. Ct. 2149 (2019), and *Fusilier v.*

*Zaunbrecher*, 806 F. App'x. 280 (5th Cir. 2020). Malicious prosecution is a cognizable Fourth Amendment claim upon which relief may be granted. "Since *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), it has been clearly established that a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes "a false statement knowingly and intentionally, or with reckless disregard for the truth" and (2) "the allegedly false statement is necessary to the finding of probable cause." *Id.* at 155–56, 98 S.Ct. 2674." *See Winfrey* at 494.

However, the plaintiff has failed to state a claim for malicious prosecution against defendant Gautreaux in his individual capacity. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Plaintiff herein has not alleged that defendant Gautreaux was personally or directly involved in the alleged making or use of false statements used to obtain a warrant. Nor has the plaintiff alleged that false statements were made or used to obtain a warrant due to a subordinate's implementation of defendant Gautreaux's wrongful policy. As such, the plaintiff's Complaint fails to state a claim against defendant Gautreaux in his individual capacity.

*Official Capacity*

Turning to the plaintiff's official capacity claims against defendant Gautreaux, a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether the plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn. 10 (5th Cir. 2000)).

"Section 1983 offers no *respondeat superior* liability." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "Municipalities face § 1983 liability 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury....'" *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). That is, "[a] municipality is liable only for acts directly attributable to it 'through some official action or imprimatur.' " *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009).

In the instant matter, the plaintiff's Complaint is devoid of any allegations of an official policy or custom of defendant Gautreaux. As such, the plaintiff's Complaint fails to state a claim against defendant Gautreaux in his official capacity.

### Defendant Unknown United States DEA Agents

The plaintiff's claim for malicious prosecution asserted against defendants Unknown United States DEA Agents ("Unknown DEA Agents") has not yet accrued because the federal charges remain pending; therefore, that criminal proceeding has not been terminated in the plaintiff's favor. Until the federal criminal charges against the plaintiff are resolved in his favor, his claim cannot proceed against defendant Unknown DEA Agents.

Until such time, the plaintiff's claim against defendant Unknown DEA Agents is barred by *Heck*. In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), the Supreme Court held that a claim for monetary damages that effectively attacks the constitutionality of a conviction or imprisonment is not cognizable and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87; *see also Cronn v. Buffington,* 150 F.3d 538, 541 (5th Cir.1998) ("*Heck* applies to *Bivens* actions") (citing *Stephenson v. Reno,* 28 F.3d 26, 27

(5th Cir.1994)). As such, the plaintiff's claim against defendant Unknown DEA Agents should be dismissed, without prejudice.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendant Sid J. Gautreaux, III be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1] It is further recommended that the plaintiff's claims against Unknown United States DEA Agents be dismissed, without prejudice.

Signed in Baton Rouge, Louisiana, on May 10, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."